IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 28, 2005

## RHONDA (QUALLS) NEWMAN v. GARY RONALD NEWMAN

**An Appeal from the General Sessions Court for Hardin County**
**No. 5014     Daniel L. Smith, Judge**

**No. W2004-01192-COA-R3-CV - Filed July 11, 2005**

This appeal involves a charge of civil contempt. The plaintiff wife and defendant husband were divorced by final decree entered in May 2001. In the final decree, the husband was ordered to pay the wife alimony *in futuro* as well as marital debts. He did not do so. In December 2003, the wife filed a petition in the trial court, seeking to hold the husband in contempt as well as an award of the alimony arrearage. The wife gave the husband notice of the contempt proceedings by mailing a copy of the petition and notice of hearing to the husband's counsel of record. At the hearing, the husband's counsel moved to dismiss the petition for contempt, arguing that the husband had not received proper notice of the hearing. This motion was denied, and the husband was held in contempt of court and ordered jailed until the contempt was purged. The husband now appeals. We affirm, concluding that the husband received sufficient notice of the petition for contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Gary Ronald Newman.

Ed Neal McDaniel, Savannah, Tennessee, for the appellee, Rhonda (Qualls) Newman.

### OPINION

Plaintiff/Appellee Rhonda (Qualls) Newman ("Wife") and Defendant/Appellant Gary Ronald Newman ("Husband") were married on February 15, 1974. On August 11, 2000, Wife filed a petition in the trial court for a legal separation. This petition was later amended to seek a divorce. On August 31, 2000, Wife filed a motion for a temporary restraining order ("TRO") to enjoin Husband from disposing of the parties' property. The TRO was granted on the same day. Meanwhile, Husband did not file a response to Wife's petition for divorce. On September 20, 2000, Wife filed a motion for default judgment. On September 29, 2000, Husband filed an answer to Wife's complaint and a counterclaim for divorce. Husband also filed a motion to quash the TRO.

On October 13, 2000, Wife filed a motion for temporary support.[1] On November 28, 2000, the trial court entered an order granting Wife's motion for temporary support and ordering Husband to pay her $461.54 per week beginning November 10, 2000. Husband was also ordered to pay some of the parties' expenses.

On December 1, 2000, Wife filed a petition for contempt, asserting that Husband had failed to comply with the trial court's order to pay support. On December 7, 2000, the trial court held a hearing on the contempt petition. On December 18, 2000, the trial court entered an order finding that Husband was in contempt of court, ordering him to pay an arrearage of $1,846 plus $300 in attorney's fees, and issuing an additional TRO prohibiting Husband from disposing of the parties' property. On February 22, 2001, Husband's attorney filed a motion to withdraw as counsel, which was granted on March 29, 2001.

On April 4, 2001, a notice of hearing in the divorce proceedings was mailed to Husband at his last known address. This notice stated that the parties' divorce petitions would be heard on May 10, 2001.

On May 10, 2001, the trial court conducted the scheduled hearing. The appellate record does not include a transcript of that hearing. Apparently, Husband did not appear at the hearing. On June 1, 2001, pursuant to the May 10 hearing, the trial court entered a final decree granting Wife a divorce. The final decree ordered Husband to pay Wife, among other things, alimony *in futuro* of $2,000 per month and attorney's fees of $1,500.

Husband did not make any of the payments ordered in the May 29, 2001 order. Instead, on July 25, 2002, Husband (represented by new counsel) filed a separate lawsuit to set aside the final decree of divorce pursuant to Rule 60.02(3) of the Tennessee Rules of Civil Procedure. The appellate record does not include the resolution of the separate lawsuit. However, since this appeal is of the original divorce action, the resolution of Husband's separate lawsuit is not before us in this appeal.[2]

Meanwhile, in the original divorce action, on December 17, 2003, Wife filed another petition for contempt of court. This second contempt petition again sought to have Husband held in contempt for his disobedience of the terms in the final decree of divorce, particularly the provision requiring him to pay alimony. The certificate of service on the contempt petition reflects that a copy of it was mailed to Husband's attorney on the same day. Attached to the petition for contempt was a notice of hearing, indicating that the petition for contempt would be presented to the trial court on January 22, 2004.

---

[1]Apparently, Wife suffers from multiple sclerosis and is confined to a wheelchair.

[2]A later order entered by the trial court indicates that Husband filed a voluntary nonsuit in this separate proceeding, and the action was dismissed.

No hearing was conducted on January 22, 2004. The hearing on Wife's second contempt petition was held on March 18, 2004. The record on appeal does not include a transcript of that hearing. On the morning of the hearing, Husband filed a response to Wife's petition for contempt. In his response, Husband alleged that he was not effectively served with the petition for contempt and that, therefore, the petition should be dismissed with prejudice. Wife appeared at the hearing and testified under oath. Husband's attorney appeared at the hearing, but Husband was apparently absent.

On April 1, 2004, the trial court entered an order finding Husband in contempt of court and ordering him to pay accrued back support of $78,000, as well as other marital debts as ordered in the divorce decree. The order provided that Husband was to be "incarcerated until he purges said contempt."[3] From that order, Husband now appeals, arguing that the trial court erred in not dismissing the contempt petition based on lack of proper notice of the contempt hearing.

On appeal, the trial court's findings of fact are reviewed *de novo*, with a presumption that those findings are correct unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Questions of law are reviewed *de novo*, with no such presumption of correctness. ***Jahn v. Jahn***, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). "[A] trial court's use of its contempt power is discretionary, and an appellate court will review a trial court's contempt citation using the abuse of discretion standard." ***Walker v. Walker***, No. M2002-02786-COA-R3-CV, 2005 WL 229847, at *3 (Tenn. Ct. App. Jan. 28, 2005) (citation omitted). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.' " ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting ***State v. Shirley***, 6 S.W.3d 243, 247 (Tenn. 1999)).

Husband argues on appeal that mailing his attorney a copy of the contempt petition and the notice of hearing was not sufficient notice of the contempt proceedings. He claims that a petition for contempt "is a separate and distinct action which requires that it be issued by the Clerk along with a Summons and the Complaint and Summons be served on the Respondent" under Rule 4 of the Tennessee Rules of Civil Procedure. Rule 4.02 requires that "[T]he summons shall be issued in the name of the State of Tennessee, be dated and signed by the Clerk, contain the name of the court and county, the title of the action, and the file number. The summons shall be directed *to the defendant*, [and] shall state the time within which these rules require the defendant to appear and defend . . . ." Tenn. R. Civ. P. 4.02 (emphasis added). Because he was not served with a summons, and because the contempt petition was not served on him personally as set forth in Rule 4.02, Husband argues, he was not properly served with notice of the contempt petition. In response, Wife argues that the only notice requirement for a civil contempt proceeding is that the accused have notice that, on a day certain, he will be required to show cause why he should not be held in contempt.

---

[3]The record does not reflect whether Husband was, in fact, incarcerated.

For a petition for *criminal* contempt, notification must be given in accordance with Rule 42 of the Tennessee Rules of Criminal Procedure, under which the notice given to the accused must "state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." Tenn. R. Crim. P. 42(b). For civil contempt, as in the instant case, there is no corresponding rule in the Tennessee Rules of Civil Procedure that is explicitly applicable. Husband cites no authority, in statutes or case law, for his argument that the requirements of Rule 4 apply to a petition for civil contempt under these circumstances. To the contrary, case law indicates that, for a petition for civil contempt, the respondent need only be notified of the allegations against him and be given an opportunity to respond to those allegations. *See Pickern v. Pickern*, No. E2004-02038-COA-R3-CV, 2005 WL 711964, at *7 (Tenn. Ct. App. Mar. 29, 2005) (reversing a finding of contempt when the petitioner did not file a petition for contempt with the court or otherwise give notice to the accused that she intended to seek to hold him in contempt); *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn.1996) (stating that, with respect to a petition for indirect civil contempt, an accused "may be punished only after the accused has been given notice and an opportunity to respond to the charges at a hearing"). Moreover, Rule 5.01 of the Tennessee Rules of Civil Procedure provides that written notices and other post-complaint filings shall be served on the parties. Rule 5.02 clarifies that wherever service is required to be made on a party who has an attorney of record, "services shall be made upon the attorney" unless the trial court orders otherwise. The Rule further states that such service can be effected through regular United States mail. *See* Tenn. R. Civ. P. 5.02; *see generally* H. D. Warren, Annotation, *Sufficiency of Notice to, or Service Upon, Contemnor's Attorney in Civil Contempt Proceedings*, 60 A.L.R.2d 1244 (1958).

In the case at bar, the record indicates that Husband was served with the petition for civil contempt and a notice of a January 22, 2004 hearing by mailing copies of those documents to Husband's attorney by regular United States Mail on the same day that the petition for contempt was filed with the trial court.[4] There is nothing in the record to indicate that Husband's counsel did not actually receive those documents. Therefore, Husband, through his counsel, was given notice of the contempt petition, and he had ample opportunity to respond to the petition at the hearing on March 18, 2004. Under these circumstances, we find that the trial court did not err in declining to dismiss the contempt petition for lack of proper notice to Husband.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Gary Ronald Newman, and his surety, for which execution may issue, if necessary.

 

 

 

_____
HOLLY M. KIRBY, JUDGE

---

[4]The record does not reflect why the hearing date was changed from January 22, 2004, until March 18, 2004, but neither party claims to have been unaware of the change in the hearing date.